Dear Chief Scott:
This office is in receipt of your request for an opinion of the Attorney General in regard to overtime pay for police officers. As Chief of Police you indicate, during a visit by President Bush to the City of Scott, you were requested by the Secret Service to provide security. Consequently, off-duty police officers were told to report for duty and acquired 10 hours of work time beyond the regular hours worked in a 28-day work cycle. You state your request for overtime pay of one and one-half the regular rate of pay for these officers has been refused by the City Clerk. Your questions are as follows:
 1. Do these officers, in fact, qualify for this overtime compensation by "cash payment";
 2. Does the City Clerk have the authority to disregard my request to pay this overtime since I am the appointing authority, and have the control of the day-to-day operation of the Police Department and it's budget?
This office has recognized that the Federal Fair Labor Standards Act provides for payment of time and a half of the hourly wage for time worked in excess of forty hours in one week, but law enforcement officers are exempt from this general requirement. Atty. Gen. Op. No. 92-98. Law enforcement and fire protection employees are governed by 29 U.S.C. § 207(K) which provides as follows:
 No public agency shall be deemed to have violated Subsection (a) of this Section with respect to the employment of any employee in fire protection activities or any employee in law enforcement activities (including security personnel in correctional institutions) if —
 (1) in a work period of 28 consecutive days the employee receives for tours of duty which in the aggregate exceed the lesser of (A) 216 hours, or (B) the average number of hours (as determined by the Secretary pursuant to Section 6(c)(3) of the Fair Labor Standards Amendment of 1974) in tours of duty of employees engaged in such activities in work periods of 28 consecutive days in the calendar year 1975; * * * compensation at a rate not less than one and one-half times the regular rate at which he is employed.
Lamon v. City of Shawnee, Kan., 972 F.2d 1145 (10th Cir. 1992) recognized that the Secretary of Labor, pursuant to29 C.F.R. § 553.201, has established 171 hours is the maximum number of hours a law enforcement officer may work in a work period of 28 days before the officer must be paid an overtime wage. Similarly, the court in Spires v. Ben Hill County,745 F. Supp. 690 (M.D.Ga. 1990) notes that under Section 207(a)(1) while an employee works 160 hours per 28 day period before the employer must pay overtime, law enforcement employees work 171 hours per 28 day period before the public agency must pay overtime.
29 U.S.C. § 207(o) in the Fair Labor Standards Act is directed to compensatory time and allows employees of a political subdivision of a state to receive in lieu of overtime compensation, compensatory time off at a rate not less than one and one-half for each hour of employment for which overtime compensation is required by the Section. However, a public agency may provide compensatory time only pursuant to applicable provisions of a collective bargaining agreement, or, when not so covered, by an agreement arrived at between the employer and employee before the performance of the work.
Consequently, the answer to your question is controlled by the Fair Labor Standards Act as related above. If these officers qualify for overtime will depend on the amount of time they worked over 171 hours in the 28 day period. Whether they must receive cash payment or compensatory time will depend upon whether an agreement existed before the overtime was performed that there be compensatory time of time and a half given in lieu of cash payment.
With regard to your second question of whether the City Clerk has the authority to disregard your request for overtime for these officers, we understand the city clerk is not refusing to make the payment, but is waiting for the city attorney to look into this matter. The city clerk is holding action on the request for payment in abeyance pending his advice. The city attorney has informed us that he agrees with our legal conclusions and you should expect payment on this basis.
We hope this sufficiently answers your inquiry, but if we can be of further assistance, please do not hesitate to contact us.
Sincerely yours
 RICHARD P. IEYOUB Attorney General
 BY: BARBARA B. RUTLEDGE Assistant Attorney General
BBR/0381f